

**FILED**
SEP 23 2016
9-23-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

ALEMAYEHU GETACHEW,

Plaintiff,

v.

COMPASS TRUCK SALE

Defendant

|

16 CV 9184
JUDGE ALONSO
MAGISTRATE JUDGE SCHENKIER

Judge

Magistrate Judge

---

## COMPLAINT ON, MISREPRESENTATION; CONTRACT BREACH; INADVERTENT NEGLIGENCE AND EMOTIONAL DISTRESS.

---

### I PARTIES

1. Plaintiff Alemayehu Getachew is a citizen of Ohio who presently resides at the following address: 4573 Legare Lane, Columbus Ohio 43230.

2. The Defendant, Compass Truck Sale., is located at 15W580 N Frontage Rd; Burr Ridge; IL 60527.

### II JURISDICTION

3. Jurisdiction of this court is asserted pursuant to 28 U.S.C. § 1332 on the parties state citizenship which is diversity jurisdiction; 42 U.S.C.A. § 1981.

4. Jurisdictional amount exceeds $75,000.

5. The alleged unlawful practices took place at the following location: 15W580 N Frontage Rd; Burr Ridge; IL 60527.

### III NATURE OF THE CASE

6. On January 7, 2016, plaintiff answered defendant's advertisement of a truck for sale on the trucker's website.

7. Mr. Jetmir was the sales person assigned for that particular truck of a 2005 fright liner.

8. Plaintiff asked Mr. Jetmir to describe the truck's condition.

9. Mr. Jetmir said the truck is mechanically perfect and can be used for work from day one without any additional maintenance, and also added that the truck had passed the Department of Transportation ( "DOT" ) inspection test (commonly called the DOT Truck Wellness Test).

10. Based on Mr. Jetmir's statement, the plaintiff offered a payment of $25,000, and Mr. Jetmir accepted it.

11. On January 15, 2016, Mr. Jetmir stated the truck was not in Chicago, Illinois (where he was located), but in Irving, Texas—one thousand, two hundred miles away.

12. The plaintiff then calculated the cost of transporting the truck from Irving, Texas, to Columbus, Ohio (home of the plaintiff) to be $2000 (two thousand

-2-

dollars), (Round trip move) which Mr. Jetmir was willing to cover.

13. Then the plaintiff travelled to Irving, Texas, to meet the manager named Sunny on February 8, 2016.

14. The plaintiff requested Sonny to show the DOT inspection as promised by Mr. Jetmir. However, Sonny did fail to produce the truck inspection paper.

15. The mechanic who worked on the vehicle told the plaintiff that the truck failed the DOT inspection because of a major mechanical problem. The mechanic who took the truck for inspection was also fired because of this.

16. The plaintiff called Mr. Jetmir, saying that his promise was empty, stating that the vehicle failed the DOT inspection, and told him of the mechanical problem the truck exhibited —the extremely load noise engine noise.

17. Mr. Jetmir said he was sorry, and promised he would in future not sell any truck he did not personally see.

18. The next day plaintiff test drove the truck and it had a gear shifting problem. Another witness who has extensive experience in truck driving, tested said truck and he also detected a problem in downshifting, which is a transmission problem.

19. The plaintiff has his contact information if need arise in order to give a witness statement.

20. Also, two individuals of plaintiff's origin who live in Dallas had looked at the truck two weeks prior. Mr Sunny was offering to sell the truck to them for $17,000, but they were not interested because of the truck's condition.

21. (Plaintiff has three individuals who can give witness statements regarding its set price and condition.)

22. The plaintiff called Mr. Jetmir's boss Alex to explain the problems and asked if he had another substantially similar truck available to change.

23. Mr Sunny showed the plaintiff the text messages Mr Alex had transmitted.

24. Mr Alex texted Mr Sunny to fix the mechanical problems on the truck to make the buyers happy.

25. However; Mr Sunny disagree with Mr Alex's idea of fixing the truck's problems.

26. Mr Jetmir's initial presentation saying "the truck is mechanically perfect and can be used for work from day one without any additional maintenance, and also added that the truck had passed the Department of Transportation ( "DOT" ) inspection test (commonly called the DOT Truck Wellness Test) was not true.

27. Mr. Jetmir described the truck's condition, but it was not in his yard and he did not have a first-hand look at it.

28. The Plaintiff requested to change to another better truck, but it was rejected by the Defendant.

29. On February 10, 2016 the Plaintiff drove the truck to ohio and it broke down in Louisville, KY.

30. On February 11, 2016 the truck was towed to Kentucky Freightliner dealer And they detected transmission problem and it took them eight days to make it ready and coast was $ 3576.18 (Three thousand five hundred seventy six and eighteen cents) [Exhibit-1]

31. And another transmission problem within forty five days get repaired on the same dealer costs another $2321.11 [Exhibit A-2]

32. So far money wasted to treat this truck costs over $17,000, excluding hours lost for business; and the distresses the plaintiff experienced.

## FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

## • MISREPRESENTATION

Misrepresentation as a distinct cause of action arouse out of the common law action of "deceit" or "fraud" because the plaintiff lost money as a result of reliance on the defendant's representation.

Above on paragraph nine [Page-2] the sales representative said "-- the truck is mechanically perfect and can be used for work from day one ---"

The plaintiff justifiably relied on the above misrepresentation and suffered

-5-

damages stemming from this Reliance.

The defendant intentionally Concealed the fact from the Plaintiff, knowing that the truck he is going to sell to the Plaintiff failed truck inspection. [Page-3, Paragraph 15] [Restatement [Second] of Tort § 525]

The defendant was making a willfully false statement with the intent that the Plaintiff acted in Reliance on it, and has sustained damage by so doing.
* R.F.V. Heuston, Salmond on the Law of Torts 387 (17th ed. 1977).

A false statement that is known to be false and it was intended to induce the Plaintiff to detrimentally Rely on it.
Restatement (Second) Of Contracts § 162(1) (1981), also Restatement (Second) of Torts § 538 (1979).

## SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS.

### • CONTRACT BREACH

A contract is a promise or a set of promises, for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty.

In the defendant's and plantiff's transaction there was offer and acceptance, there were also promises the defendant entered --- " perfect day one working truck, mechanically good performing and an inspection passed ---". However, the truck broke down in its first day [page 4, paragraph 29] and then subsequently requires major repairs until today.

Here the defendant breached his contractual obligation. When we promise to do something, we are saying that we really do it.

### THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS.

### • INADVERTENT NEGLIGENCE

In this Claim, negligence is about the failure to exercise the Standard of Care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm.

Here the defendant was culpably careless when he stated that the truck he is going to sell was reliable [page-4, paragraph 26 and paragraph 27]

Also the defendant was negligent when he refused the plaintiff's request to change the truck. It can be interpreted that the defendant conduct lacks a slight care or a conscious act in careless disregard of a legal duty he should owe to the plaintiff.

-8-

## **CONCLUSION**

The plaintiff respectfully requests the Court relief to his Complaint.

Dated this 18th day of September, 2016.

Respectfully submitted,

*Alemayehu Getachew*
Alemayehu Getachew
4573 Legare Lane
Columbus Ohio 43230
getachewalex@yahoo.com
(614) 632-7531

*Plaintiff*

## RELIEF REQUESTED

1. Compensatory damages
   A. Repair   $15,000 —
   B. Lost Business hours Cost $16,000 —
      [A total of sixty days]

2. Misrepresentation [Compensatory & punitive damages] $45,000 —

3. Contract Breach
      $24,000 —

4. Negligence / Emotional distress.
      $10,000 —

Total Relief Requested
      $110,000 [One Hundred ten thousand and 00/100 Cents]

Alemayehu Getachew
ALEMAYEHU GETACHEW
4573 LEGARE LN
COLUMBUS OH 43230
(614) 570-3174

Exhibit-1

# KENTUCKY TRUCK SALES INC.

(812) 283-7172 — Fax (812) 284-8365

| Name | ALEMAYEHU GETACHEW | | DATE : | 2/16/16 |
|---|---|---|---|---|
| Address | | | Eng. Ser# | |
| City State Zip | GAHANNA OH | | Eng Model | DDE |
| Phone | 614/632/7531 | FAX | | |
| Phone | | | Estimate # | 85009 |

| MODEL | U10192 | SERIAL | | U10192 | |
|---|---|---|---|---|---|
| Refinish / Repair / Replace | Description | Labor | Parts | Sublet |
| | XY SHIFTER | | 1,132.73 | |
| | HARNESS | | 186.63 | |
| | BATTERYS | | 307.60 | |
| | TRANS FLUID | | 8.62 | |
| | HOSES | | 55.62 | |
| | FILTER | | 11.25 | |
| | GASKET | | 9.76 | |
| | WENT OUT TO GOT TRUCK WOULD NOT START,CHECKED | | | |
| | AND FOUND GROUND WIRE MISSING OFF STARTER, | | | |
| | TRYING TO GROUND THRU POWER STEERING HOSE FITTING | | | |
| | AND MELTING IT,REPLACED CABLE,AND HOSE AND FILTER | | | |
| | AND ADDED FLUID CHARGED BATTERYS,FOR 3HRS WILL | | | |
| | NOT TAKE CHARGE,JUMP STARTER CHECKED CODES | | | |
| | ON TRANS,XY IS SHORTING OUT AND HARNESS HAS | | | |
| | BAD SPOTS IN IT WHERE IT HAS BEEN RUBBING, | | | |
| | ESTIMATE TO FIX ALL | | | |
| | | 0.0 | $1,712.21 | $0.00 |

| Shop Labor Rate : | Per Hour | | |
|---|---|---|---|
| **ESTIMATE GOOD FOR 30 DAYS ONLY** | | EVIR | $75.25 |
| The estimate is based on our inspection and does not cover additional parts or labor which may be required after the work has started. After the work has started, worn or damaged parts which are evident on the first inspection mat be discovered. This estimate cannot cover such contingencies. Parts prices are subject to change without notice. This estimate is for immediate acceptance. | | Misc : | $72.10 |
| | | Sales tax : | $119.85 |
| | | Parts: | $1,712.21 |
| This work authorized by: | | Labor : | $1,442.00 |
| | | TOTAL : | $3,421.41 |

**FREIGHTLINER**

**ISUZU TRUCK**

**Kentucky Truck Sales, Inc.**
1403 Truckers Blvd. Jeffersonville, IN 47130
(812) 283-7172    Direct Parts (812) 283-1172

INVOICE DATE: 04/20/2016 11:21AM CST
INVOICE NO. 261110114    PAGE 3
CUSTOMER NO. 00100    BRANCH * 1*

SOLD TO: MISC COD ACCOUNT
IN

SHIP TO: ALEMAYEHU GETACHEW
614-570-3174
3294 CEDAR CREST LANE
GAHANNA OH 43230

Exhibit -2-

Remit to: P.O. Box 1507 Jeffersonville, IN 47131-1507

| CUSTOMER P.O. | REFERENCE NO. | | | | |
|---|---|---|---|---|---|
| | 086311 | | | EC | 000/000 |

PRICE/PER    EXTENSION





\* \* \* C A S H   S A L E - PAID WITH CREDIT CARD XXXXXXXXXXXX

STATEMENT OF DISCLAIMER: The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

| FREIGHT | SUBTOTAL | TAX STATUS/STATE | SALES TAX | PLEASE PAY |
|---|---|---|---|---|
| | 2286.06 | TAXABLE IN | 35.05 | 2321.11 |

CUSTOMER SIGNATURE X  *alex*

TERMS: Net 30    TERMS *CASH SALE*

# US District Court for Northern District of Illinois Eastern Division

| | |
|---|---|
| ALEMAYEHU GETACHEW<br>Plaintiff<br>v.<br>COMPASS TRUCK SALE<br>Defendant | Case No<br><br>Judge<br><br>Magistrate Judge |

## Authentication of Exhibits

1. I Alemayehu Getachew is over 18 years old and have first hand information regarding the exhibits attached on the complaint.

2. I am also competant to authenticate the said documents.

3. On exhibit-1, the document is printed by a Frightliner dealer, called Kentucky Truck Sales Incorporated.

4. Kentucky Truck Sale Inc, is located at the following address: 1403 Truckers Blvd

Jeffersonville, IN 47130.

5. This document which is exhibit-1 is a repair transaction invoice and was paid by Alemayehu Getachew, which the amount was $3,421.41 (Three thousand Four Hundred twenty one Dollar and 41 Cents)

6. This document is dated on February 16, 2016 and the summary of repair indicated major transmission repair and has a Site № 85009.

7. On Exhibit-2 the document is prepared by the same dealer stated above № 4 and the invoice NO is 26111O114 showing the repair cost of $2321.11 [Two thousand three hundred twenty one Dollar and 11/100 Cents] and it is paid by Alemayehu Getachew on April 20, 2016.

*Alemayehu Getachew*

ALEMAYEHU GETACHEW
4573 LEGARE LANE
COLUMBUS OH 43230
(614) 570 3174

STATE OF OHIO
NOTARY PUBLIC
On this 20th Day of September 2016

CHRISTOPHER KARAGANIES, NOTARY PUBLIC
COMM. EXP. MAY 1, 2021
STATE OF OHIO

-2-